UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GENE PAUL RICHARDS, SR., | ) | CASE NO. 1:12CV832 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| -vs- | ) | |
| | ) | MEMORANDUM OF OPINION |
| COMMISSIONER | ) | AND ORDER |
| OF SOCIAL SECURITY | ) | |
| | ) | |
| Defendant. | ) | |

Attorney Jay Bosken filed a motion for attorney fees for Plaintiff Gene Paul Richards, Sr.

under the Equal Access to Justice Act ("EAJA").  The Commissioner has opposed the motion,

and Plaintiff has replied.  The motion for attorney fees is DENIED.

## I.      INTRODUCTION

The Sixth Circuit has recently explained the history of EAJA as follows:

The EAJA, enacted in 1980, provides for an award of attorney fees to a party
prevailing against the United States in a civil action when the position taken by
the Government is not substantially justified and no special circumstances exist
warranting a denial of fees. 28 U.S.C. § 2412(d)(1)(A); *see also Perket v. Sec. of
H.H.S.*, 905 F.2d 129, 132 (6th Cir. 1990). The purpose of the statute is described
in its legislative history:

> The [EAJA] rests on the premise that certain individuals ... may be
> deterred from seeking review of ... unreasonable governmental
> action because of the expense involved in securing the vindication
> of their rights. The economic deterrents to contesting governmental
> action are magnified in these cases by the disparity between the
> resources and expertise of these individuals and their government.
> The purpose of the bill is to reduce the deterrents and disparity by
> entitling certain prevailing parties to recover an award of attorney
> fees, expert witness fees and other expenses against the United
> States, unless the Government action was substantially justified.

H.R.Rep. No. 96-1418, at 5-6 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4984, 4984. This statement indicates that Congress intended to make challenges to unreasonable government action more accessible for certain individuals by allowing them to recoup reasonable attorney fees and costs, should they prevail.

*Bryant v. Commissioner*, 578 F.3d 443, 445-46 (6th Cir. 2009).

EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Eligibility of a fee award in a civil action thus requires that (1) the claimant was a "prevailing party"; (2) the government's position was not "substantially justified"; and (3) no special circumstances made an award unjust. *Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990).

…

In elaborating on the meaning of "substantially justified" under the EAJA, this court has explained that:

[t]he government's position under section 2412(d)(1)(A) is "substantially justified" if it is "'justified in substance or in the main'-that is, justified to a degree that could satisfy a reasonable person." ... [A] position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."

*United States v. Real Property Located at 2323 Charms Road*, 946 F.2d 437, 440 (6th Cir. 1991) (citations omitted).

*Anderson v. Commissioner*, 198 F.3d 244, at *3-4 (6th Cir. 1999) (table).

Herein, Plaintiff claims that the Commissioner's position was not substantially justified.

In so doing, Plaintiff asserts as follows:

> "the Magistrate Judge recommended that the Court find the ALJ failed to apply the treating physician rule to the opinions from Drs. Daisley and Tomasovich (R&R, pp. 19-20). The Magistrate Judge

> did not address Plaintiff's other arguments, finding that the conclusions of the ALJ on these subjects may change based [] upon a reevaluation of the opinions of the treating physicians (R&R, p. 22).  Judge Adams adopted the R&R from the Magistrate Judge with no objections.  The significant error found by the Court makes it clear that the Administration's position was not substantially justified."

The Magistrate Judge concluded that the ALJ did not satisfy the "clear elaboration requirement" of the regulations when he assigned minimal weight to Plaintiff's treating physicians, Drs. Daisely and Tomasovich.  The Magistrate Judge stated that "The ALJ's conclusory statement does not amount to giving 'good reasons for rejecting the opinions of Drs. Daisley and Tomasovich.  The ALJ failed to identify the record evidence that contradicted the opinions of Plaintiff's treating physicians, or to describe how their opinions lacked support in, or were inconsistent with, the record as a whole."  Doc. 27, pg. 19, citations omitted.  Specifically, the Magistrate Judge recommended remand "to the ALJ for a more careful examination of the opinions of these two physicians, and if the ALJ declines to assign them controlling weight, a complete explanation of why he reached that conclusion."  Doc. 27, pg. 20.   As a result, the Magistrate Judge declined to make a determination as to whether the ALJ's denial of benefits was supported by substantial evidence.

"A reversal of the denial of benefits and a remand for further clarification does not automatically mean the Commissioner's decision to defend the ALJ's decision to deny benefits was unreasonable."  *Anderson v. Comm'r of Soc. Sec.*, 198 F.3d 244 (6th Cir. 1999). Plaintiff's sole argument with regard to substantial justification is that the Court found a "significant error" in the ALJ's determination.  The Sixth Circuit has explained "[t]he issue, when considering an award of attorney's fees to a prevailing party under the EAJA, is not whether the ALJ gave adequate articulation for his findings, but whether the Commissioner was justified in supporting

the ALJ's decision to deny benefits based on the record." *Anderson v. Comm'r of Soc. Sec*., 198 F.3d 244 (6th Cir. 1999) (concluding that "[i]n the present case, the district court did not find that the ALJ had erred in denying disability benefits based on a failure to apply the sequential analysis correctly, but merely indicated that the court did not feel that the ALJ's opinion was explicit enough in regard to whether or not claimant [] met a listed impairment.").  Plaintiff does not argue in his motion that the Commissioner was unjustified in supporting the ALJ's decision *based upon the record*.  In his reply to the Commissioner's response, however, Plaintiff asserts that the Magistrate Judge explained "no inconsistencies could be identified between the treating source opinions and their records." Doc. 38 at p. 2.  This is not an accurate statement.  The Magistrate Judge did not conclude that the record did not contain evidence to support the ALJ's conclusion; rather, the Magistrate Judge simply explained that that ALJ failed to adequately explain his decision.  Doc. 27. Pg. 19.

Further, Plaintiff argues for the first time in his reply that "the Magistrate Judge's R&R made clear that the Agency's position before the Court was not substantially justified because the argument was premised largely on post-hoc rationalizations by counsel for Defendant."  Doc. 38, pg. 3.  The fact that the Commissioner was attempting to provide support for affirmance of the ALJ's decision while urging the Court to overlook a procedural error does not support an argument that the Commissioner's position was not substantially justified.  It is true that the Court is not permitted to consider a post-hoc argument for the purposes of a merits review.  However, with regard to a request for fees pursuant to EAJA, it is appropriate to review the post-hoc rationalizations to conclude whether the record supports the Commissioner's decision to defend the ALJ's decision.  The assertion of post-hoc rationalizations supports the Court's conclusion that there was reasonable basis for the Commissioner to support the ALJ's decision,

4

in spite of a procedural error.  Therefore, Plaintiff's contention that "the agency's position before the Court was not substantially justified because the argument was premised largely on post-hoc rationalization" is without merit.  Plaintiff does not argue that the post-hoc rationalizations fail to show a substantial basis for the Commissioner's decision to support the ALJ.

The Court concludes that the Government's position in this appeal was substantially justified.

The motion for EAJA fees is DENIED.

IT IS SO ORDERED.


Dated: January 24, 2014          /s/ John R. Adams_____
                                 JOHN R. ADAMS
                                 UNITED STATES DISTRICT JUDGE